IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








WR-61,389-01






EX PARTE GREGORY RUSSEAU









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NO. 114-0750-02 IN THE 114TH DISTRICT COURT

SMITH COUNTY





 Per curiam. 


O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Article 11.071, TEX. CODE CRIM. PROC.

 In October 2002, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071, TEX. CODE CRIM. PROC., and
the trial court, accordingly, set punishment at death. This Court affirmed Applicant's
conviction on direct appeal, but reversed the sentence and remanded for a new punishment
hearing. Russeau v. State, 171 S.W.3d 871 (Tex. Crim. App. 2005). Applicant was retried
on punishment and again sentenced to death. Applicant's sentence was again affirmed on
direct appeal. Russeau v. State, 291 S.W.3d 426 (Tex. Crim. App. 2009). This Court denied
relief on his initial writ application on the new punishment hearing. Ex parte Russeau, No.
WR-61,389-02 (Tex. Crim. App. August 25, 2010)(not designated for publication). 

 In his application, Applicant presents three allegations. In allegations two and three
he challenges the validity of his conviction, and in allegation one he challenges the validity
of the resulting sentence. The trial court held an evidentiary hearing and entered findings of
fact and conclusions of law recommending that the relief sought be denied.

 This Court has reviewed the record with respect to the allegations made by Applicant. 
We adopt the trial judge's findings and conclusions. Based upon the trial court's findings
and conclusions and our own review, we deny relief on allegations two and three. Because
of the resolution of Applicant's direct appeal, Applicant's first allegation is dismissed as
moot. See Russeau v. State, 171 S.W.3d 871 (Tex. Crim. App. 2005). 

 IT IS SO ORDERED THIS THE 16TH DAY OF FEBRUARY, 2011.


Do Not Publish